IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20127
Conference Calendar
_____

MANUEL LARA,

Plaintiff-Appellant,

versus

MANUEL GARZA ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-93-1009
- - - - - - - - - -

August 22, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Manuel Lara argues that the magistrate judge applied the incorrect standard to determine his Eighth Amendment claim. To prove an Eighth Amendment excessive force claim a prisoner must show that the force was not applied "in a good faith effort to maintain or restore discipline," but rather the force was administered "maliciously and sadistically to cause harm." Rankin

---

[*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

v. Klevenhagen, 5 F.3d 103, 107 (5th Cir. 1993) (internal quotations and citations omitted). The magistrate judge correctly applied this standard.

Lara also argues that the magistrate judge improperly credited the defendants' testimony over his testimony. This court generally will not reverse credibility determinations on appeal. See Kendall v. Block, 821 F.2d 1142, 1146 (5th Cir. 1987). The magistrate judge determined that Lara's testimony was not credible because it was inconsistent with the physical evidence, and this court will not disturb this finding.

In a related argument, Lara contends that his allegations of excessive force should not have been disregarded because his sole witness, fellow inmate Orlando Reyes, refused to testify. The magistrate judge determined that Reyes and Lara were not credible witnesses and that the guards were credible. This court will not disturb these credibility determinations and, therefore, Lara cannot demonstrate reversible error because Reyes refused to testify.

AFFIRMED. The motion for appointment of counsel is DENIED. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).